George Baba ENG, Plaintiff–Appellant,

v.

Mark D. WHITE, Doctor, Urologist/Surgeon; John Doe, Urologist/Chief Urologist, Department of Urology at Albany Medical Center; Jane Doe, Anesthesiologist, Albany Medical Center; Nurse Gibbons; Nurse Berrigan, Defendants–Appellees.

No. 03–0136.

United States Court of Appeals, Second Circuit.

April 22, 2004.

George Baba Eng, Comstock, N.Y. (on submission), for Plaintiff–Appellant, pro se.

Martin A. Hotvet, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief) (on submission).

Michael T. Snyder, Maynard, O'Connor, Smith, & Catalinotto, LLP, Albany, NY, for Appellee White (on submission).

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

In April 2002, plaintiff-appellant George Baba Eng filed this 42 U.S.C. § 1983 complaint, alleging that the defendants-appellants conspired to force him to undergo a medical procedure (prostate surgery) against his wishes and in violation of his constitutional rights. Eng asserts that this purportedly nonconsensual surgery has had lasting negative effects, and seeks damages. The district court dismissed the complaint without prejudice, finding (1) that Eng had not exhausted his administrative remedies before filing this suit, as required by 42 U.S.C. § 1997e(a) (2002), and (2) that, to the extent that Eng sought to bring a medical malpractice claim against defendant Dr. White, the court was without jurisdiction to hear it.

Plaintiff's main argument is that he was not required to exhaust because his complaint involved an isolated, extreme incident, and not the "prison conditions" referred to in the exhaustion statute. *See* 42 U.S.C. § 1997e(a). This argument is, however, squarely foreclosed by *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) ("[t]he [Prison Litigation Reform Act's] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). *See also Webb v. Goord*, 340 F.3d 105, 112 (2d Cir.2003) (citing *Nussle* ).

We have considered all of the appellant's arguments and find them without merit.[1] Accordingly, we AFFIRM the judgment of the district court.

---

* The Honorable Jed S. Rakoff, U.S. District Judge for the Southern District of New York, sitting by designation.

1. Given our holding, we need not consider the defendants' alternative arguments about plaintiff's alleged failure to meet the requirements for service of process. We further agree with the district court that we have no jurisdiction to hear Eng's claim of medical malpractice.